NEW-YORK, May, 1819.

JACKSON
v.
GIVEN.

---

### JACKSON, *ex dem.* COOPER and Wife, *against* GIVEN.

THIS was an action of ejectment brought to recover two seventh parts of a lot of land, lying in the town of *Fishkill*, in the county of *Dutchess*. The cause was tried before Mr. J. *Van Ness*, at the *Dutchess* circuit, in *April*, 1819.

A will contained the following clause : "I will, and positively order my executors, hereafter named, or any two of them, to sell all my estate both real and personal, whatsoever," and then directed the proceeds to be equally divided among his children, and appointed his wife, two of his sons, and his son-in-law, his executrix and executors, the two sons having an interest in their own right, and the son-in-law, in right of his wife, as legatees, in equal portions, of the proceeds of such sale. After the death of the others, the sole surviving executor sold and conveyed the real estate of the testator. *Held*, that the power was well executed, even, as it seems, at common law, it being the express intention of the testator, that the land should be sold, at all events ; and the executor taking, under the will, a part of the proceeds, the power was coupled with an interest, which survived : but it was certainly good under the act, (sess. 36. c. 23. s. 11. 1 *N. R. L.* 366. statute 21 *H.* 8. c. 4.) which controls the restriction or limitation in the power, that it shall be executed by two of the executors; the object of the statute being to give effect to powers, where the testator had used words of restriction, which would otherwise defeat the intent, and to prevent the failure of a trust, for want of a trustee, and the necessity of resorting to Chancery for the appointment of one.

*Mary Cooper*, one of the lessors of the plaintiff, and the wife of the other lessor, claimed title to one seventh of the premises in question, as one of the children and heirs of *Obadiah Cooper*, the elder, and to another seventh part, as the devisee of her brother *Obadiah Cooper*, the younger. *O. Cooper*, the elder, died seised of the premises in 1776, leaving eight children, and a widow, *Esther Cooper*, having previously made a will, dated the 13th of *September*, 1774, by which, after certain specific legacies, he gave and bequeathed to his wife the income of all his estate, both real and personal, for her maintenance, and the bringing up and educating his children, as long as she should remain his widow, and no longer ; and if she should re-marry or die, he then positively willed, and ordered his executors, or any two of them, to sell and dispose of all his estate, both real and personal, whatsoever and wheresoever, and the money to be put out at interest, for the use of his children ; so much of the interest as should be necessary for the bringing up and educating his children, to be applied to that use, and the surplus, if any, to be added to his estate, and to be considered and reckoned as part of the same. The will, also, contained the following clause :

" *Item*. I will, and positively order my executors hereafter named, or any two of them, upon my said wife *Esther's* re-marrying or dying, to sell all my estate, both real and personal, whatsoever, and wheresoever, and the money to be disposed of in the following manner," that is, after taking out certain legacies before mentioned, one eighth part of the residue to each of his eight children; " and if any one or more of my above-mentioned children should die without issue, or before they arrive to the age of twenty-one years, that then, his, her, or their part or parts, share or shares, shall be equally divided among my said children, or their heirs or assigns that may survive." The testator then appointed his wife, and *Obadiah Cooper*, the younger, and *Jacobus Cooper*, two of his sons, and *John Dubois*, the husband of one of the testator's daughters, his executrix and executors.

The widow of the testator died in 1789, *Dubois* having previously died, neither of them having qualified as executors. On the 29th of *April*, 1793, *O. Cooper*, the younger, and *J.*

*Cooper*, qualified as executors. One of the eight children of the testator died in infancy, and *O. Cooper* the younger, died in *January*, 1797, having previously made a will, by which he devised all his real and personal estate to his wife, during her widowhood, but in case of her marrying, to his sister *Mary*, one of the lessors, for life, remainder to her son *Daniel* in fee. The widow of *O. Cooper* the younger, re-married, and is since dead. By a deed, dated the 1st of *May*, 1797, *Jacobus Cooper*, who was then the sole surviving executor, for the consideration of 400 pounds, conveyed nine acres of land, the premises in question, to *J. Rosekrans*, from which conveyance the defendant deduced a regular title to himself. It was admitted, that the lessor, *Mary*, had been fully paid by *J. Cooper*, for her right in her father's estate.

The defendant, also, produced evidence to show, that *O. Cooper* the younger, in 1786, was discharged under the insolvent law of this state, passed the 17th of *April*, 1784, having assigned all his property. The discharge, however, was not produced; but it is unnecessary to state the testimony offered to supply the deficiency, as the Court gave no opinion in relation to it.

A verdict was taken by consent, for the plaintiff, subject to the opinion of the Court, on the above case.

*Story*, for the plaintiff, stated the following points: 1. *Jacobus Cooper*, the surviving executor, had no power to sell the real estate, as the will of the testator expressly limited the power to two of the executors.

2. No power can be raised by implication of law, contrary to the manifest intention of the testator.

3. As *J.* and *O. Cooper*, the only two executors who had qualified, never having executed the power during their joint lives, the devisee of *Obadiah C.* the younger, cannot be defeated by a grant of *J. C.* the surviving executor, made subsequent to the death of *Obadiah*, when his estate had vested in his devisee.

4. The objects for which the power of sale was given, having ceased long before, the power could not be executed, without the consent of the heirs at law, as they were the only parties interested.

NEW-YORK,
May, 1819.

JACKSON
v.
GIVEN.

NEW-YORK,
May, 1819.

JACKSON
v.
GIVEN.

He said, that the power of a surviving executor to sell had lately been so fully discussed in this Court, the Court of Chancery, and the Court of Errors, that it was scarcely possible to throw any new light on the subject; and he should, therefore, content himself with referring to the cases of *Jackson, ex dem. King,* v. *Burtis,* 14 *Johns. Rep.* 391. *Franklin* v. *Osgood,* 14 *Johns. Rep.* 527. 560. 2 *Johns. Ch. Rep.* 1. S. C. *Jackson, ex dem. Hunt,* v. *Ferris,* 15 *Johns. Rep.* 346.

*Bloom,* contra. 1. The statute (1 *N. R. L.* 366. 36 sess. ch. 23. s. 11.) declares, that where any lands, &c. devised, &c. or where they shall be ordered to be sold by the executors or any of them, and after the death of the testator, part of the executors refuse or neglect to take upon them the execution of the will, then all sales of the lands, &c. by the executor, or executors, who take charge of the administration of the will, shall be equally valid, as if the residue of the executors had joined in the sale. Then, if two of the executors should prove the will, and one immediately dies, the survivor must execute the power, otherwise the express intent of the testator will be defeated ; for there can be no doubt of the intention in this case.

2. The executor who sold, being one of the devisees, the power was coupled with an *interest,* and the cases cited, abundantly show, that not being a naked power, it survived, and was well executed by the survivor. (15 *Johns. Rep.* 364. *Powell on Dev.* 297. 307. *Cro. Car.* 382. *Cro. Eliz.* 26. 14 *Johns. Rep.* 554. per *Platt,* J.)

3. It is a rule of the common law, that where a power to sell is given to executors, *virtute officii,* the surviving executor may sell. This principle is recognized by the statute, as well as the adjudged cases. (1 *N. R. L.* 364. *Powell on Dev.* 302. 15 *Johns. Rep.* 248. 3 *Binney,* 69.)

PLATT, J. delivered the opinion of the Court. The question here is, whether the power of sale in the will of *Obadiah Cooper* senior, was well executed, by the *sole surviving executor ?*

I am of opinion, that as the will not merely *authorizes* the executors, or any two of them, to sell, but *positively orders* them to sell the lands, it presents a case within the purview of the statute of 21 *Hen.* 8. ch. 4. which is re-enacted in our " act concerning wills." (1 *N. R. L.* 366. s. 11.)

Nothing can be more express, or certain, than the intention of the testator in this case, that his real estate should, at all events, be sold, in ŏrder that the money arising from it might be distributed among his children; and without such sale, he must be deemed to have died intestate as to his real estate. I incline to think, therefore, that upon common law principles, independent of the aid which the statute affords, it was a power which survived to the last executor, and was rightfully exercised by him alone.

If the testator had said, " I order *my executors* to sell," there could be *no doubt* that the power would survive to the longest liver, by the *common law*, as well as by the *statute;* because there is an interest coupled with the power, for the surviving executor was to share in the avails; and if there be doubt in this case at common law, I think the words " or any two of them," as terms of *limitation* or *restriction*, are controlled by the operation of the statute; the object and design of which was to carry into effect the direction to sell lands, where the testator had used words of restriction which practically defeated his intent. The statute was founded in the rule of policy, which requires that a trust shall not fail of execution, for want of a trustee; and it was to save the necessity of resorting to Chancery, for the appointment of a trustee, that the legislature have enacted, that " all sales of lands (ordered by will to be sold, &c.) by the executor or executors, who take charge of the administration of the will, shall be equally valid as if the residue of the executors had joined in the sale."

This ground is conclusive against the *whole claim* of the plaintiff; because it defeats the claim of 1-7th under the will of *Obadiah Cooper*, jun., as well as the 1-7th claimed as heir to *Obadiah Cooper*, senr.; for if the title passed by the sale made by *Jacobus Cooper*, as executor of his father's will; then, of course, the title which descended to *Obadiah Cooper*, jun., and which he devised to his sister the lessor, was sub-

NEW-YORK,   ject to be defeated by the execution of the power of sale
May, 1819.   in their father's will.

JACKSON           This view of the case renders it unnecessary to consider
v.             the other point relied on by the defendant.
BLODGIT.
           I am, accordingly, of opinion, that judgment of nonsuit
ought to be entered; and that is the opinion of the Court.

Judgment of nonsuit.